WALDHEIM & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36045.   Filed December 21, 1955.

*Eric Wm. Passmore, Esq.,* and *Maurice Weinstein, Esq.,* for the petitioner.

*Paul Levin, Esq.,* for the respondent.

598

OPINION.

TURNER, *Judge:* The facts show that Case No. 195602 brought by Stanley had to do with, and directly affected petitioner's day-to-day operations. It is equally apparent from the facts that Case No. 195601 was directed to the right of Stanley to 333⅓ shares of petitioner's capital stock, which petitioner claimed it had acquired by purchase and was carrying as treasury stock. The payments for the services performed by Passmore were not segregated as between the two suits. We have considered the evidence and have concluded thereon that $4,500 had to do with the services rendered in Case No. 195602, and that the remainder of the fees paid had to do with the services rendered in Case No. 195601. *Cohan* v. *Commissioner*, 39 F. 2d 540.

We are also satisfied from the evidence, and hold that the fees paid to Passmore in connection with Case No. 195602 represented ordinary and necessary business expenses of petitioner, within the meaning of section 23 (a) (1) (A) of the Internal Revenue Code of 1939. See *Commissioner* v. *Heininger*, 320 U. S. 467.

The fees paid for the services rendered in connection with the suit involving the 333⅓ shares of petitioner's capital stock were capital in nature, and are not deductible under section 23 (a) (1) (A) as ordinary and necessary business expenses. See *Acer Realty Co.* v. *Commissioner*, 132 F. 2d 512, affirming 45 B. T. A. 333; *Addison* v. *Commissioner*, 177 F. 2d 521, affirming a Memorandum Opinion of this Court, decided August 31, 1948.

The fees paid to Saltzstein and Dinerstein for their services as directors are, in our opinion, also clearly of a nature so as to constitute them as ordinary and necessary business expenses, within the meaning of section 23 (a) (1) (A), and we so hold.

*Decision will be entered under Rule 50.*